IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EVANS DELIVERY COMPANY, INC.<br><br>                      Plaintiff,<br><br>      v.<br><br>CDL 1000, Inc.,<br><br>                      Defendant. | CIVIL ACTION NO. |

**COMPLAINT**

Evans Delivery Company, Inc. ("Evans") hereby files this Complaint against defendant CDL 1000, Inc. ("CDL") and avers as follows:

**PARTIES**

1. Evans is a corporation incorporated under the laws of the Commonwealth of Pennsylvania with its principal place of business in Schuylkill Haven, Pennsylvania.

2. CDL is a corporation incorporated under the laws of the State of Illinois with its principal place of business in Chicago, Illinois.

**JURISDICTION AND VENUE**

3. Jurisdiction in this matter is based upon 28 U.S.C. 1332(a) as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

4. This Court has general jurisdiction over CDL in this matter because CDL is an Illinois corporation with its principal place of business in Chicago, Illinois.

5. Venue properly lies in this judicial district pursuant to 28 U.S.C. 1391(b)(1) because CDL's principal place of business is in Chicago, Illinois.

## PREDICATE FACTS

6. Evans seeks to collect freight charges and related accessorial charges due to it for the interstate motor carrier transportation services it provided for CDL.

7. Evans is a federally licensed interstate motor carrier.

8. CDL is a third-party logistics provider.

9. Beginning on or about Aprile 2022, CDL engaged Evans to provide transportation services to and from various locations throughout the United States.

10. In exchange for Evans providing transportation services including securing necessary equipment and incurring related costs, CDL agreed to pay Evans for the services Evans rendered and the costs Evans incurred.

11. In furtherance of the parties' relationship, on April 11, 2022, CDL and Evans entered into a Contract for Motor Carrier Services wherein CDL would engage Evans to provide transportation services and CDL would pay Evans for those services.

12. Upon CDL's request, Evans would travel to the facility where the shipment was located, pick up the shipment and transport it to its destination.

13. After completing delivery, Evans would invoice CDL for the services it rendered and the costs it incurred.

14. On multiple occasions throughout the relevant time period, CDL failed to make payment despite representing that it intended to pay Evans for the services it rendered and the costs it incurred in rendering those services.

15. Despite its demand for payment, Evans has not been paid for the services it rendered to CDL or the costs it incurred in rendering those services.

## COUNT I – Failure to Pay Motor Carrier Freight and Accessorial Charges

16. Evans incorporates the foregoing above as if set forth fully at length herein.

17. CDL engaged Evans to provide transportation services on behalf of itself and its customers to and from various locations throughout the United States.

18. Under the governing terms of transportation and as agreed to by and between the parties, CDL was obligated to pay the freight charges owed for the services Evans rendered and would accrue late fees for failing to pay the charges in a timely fashion.

19. The freight and accessorial charges CDL owes to Evans for the transportation services Evans rendered exceed $75,000.00.

20. Evans performed its obligations under the governing terms of transportation for the services it rendered on behalf of CDL.

21. Evans has not received payment for the freight and accessorial charges it is owed for the services it rendered to CDL.

22. Despite Evan's demands, CDL has failed to pay the freight and accessorial charges due to Evans for the services Evans rendered.

WHEREFORE, the plaintiff, Evans Delivery Company, Inc., respectfully demands that judgment be entered in its favor and against the defendant, CDL 1000, Inc. in an amount in excess of $75,000.00 plus other related charges which may accrue, as well as interest, costs, attorneys' fees, expenses, and such other relief as the Court deems just.

## COUNT II – Breach of Contract (in the Alternative)

23. Evans incorporates the foregoing above as if set forth fully at length herein.

24. Evans agreed to provide the transportation services to CDL based on CDL's agreement to pay for those services including related accessorial charges.

25. Pursuant to the parties' agreement, CDL was required to pay Evans for the services Evans rendered on behalf of CDL and CDL's customers including any freight and/or accessorial charges.

26. Evans performed its obligations pursuant to the parties' agreement and ensured that the shipments were transported from their origin to the required destination according to CDL's request(s).

27. Evans invoiced the freight and accessorial charges for the services Evans rendered to CDL at the agreed-upon rates.

28. In breach of the parties' agreement, CDL failed to pay Evans for the outstanding freight and accessorial charges, and as a result, CDL's obligation to pay Evans has not been met.

29. As a direct and proximate cause of CDL's breach of its obligation to pay Evans for the services Evans rendered, Evans incurred damages in excess of $75,000.00.

30. The outstanding principal balance of the freight and accessorial charges owed to Evans exceeds $75,000.00.

WHEREFORE, the plaintiff, Evans Delivery Company, Inc., respectfully demands that judgment be entered in its favor and against the defendant CDL 1000, Inc., in an amount in excess of $75,000.00 plus other related charges which may accrue, as well as interest, costs, attorneys' fees, expenses, and such other relief as the Court deems just.

## COUNT III – Unjust Enrichment (in the Alternative)

31. Evans incorporates the foregoing above as if set forth fully at length herein.

32. Evans conferred the benefit of its motor carrier transportation and services to CDL.

33. CDL received Evans's services for the transportation of the shipments CDL requested Evans transport and realized the use and enjoyment of the services as part of its ongoing business and relationship with its customers.

34. Evans reasonably expected to be paid for the services it provided to CDL for the services it rendered.

35. CDL knew or reasonably should have known that Evans expected to be paid for the services it provided CDL.

36. The transportation services rendered by Evans have a reasonable value in excess of $75,000.00.

37. CDL has failed to pay Evans for the reasonable value of the services Evans rendered.

38. As a result, CDL has unjustly received the benefit of the services Evans provided without paying Evans for those benefits.

39. Allowing CDL to retain the benefit of the service Evans provided without paying Evans would be unjust.

WHEREFORE, the plaintiff, Evans Delivery Company, Inc., respectfully demands that judgment be entered in its favor and against the defendant CDL 1000, Inc., in an amount in excess of $75,000.00 plus other related charges which may accrue, as well as interest, costs, attorneys' fees, expenses, and such other relief as the Court deems just.

### **COUNT IV – Promissory Estoppel (in the Alternative)**

40. Evans incorporates the foregoing above as if set forth fully at length herein.

41. Evans provided CDL with motor carrier transportation and services.

42. Evans reasonably relied upon the unconditional promises of CDL to Evans' eventual detriment and Evans' reliance was expected by, and foreseeable to CDL.

43. CDL failed to tender the promised compensation due and owing to Evans for the transportation services Evans provided.

44. Evans has suffered damages in excess of $75,000.00 due to its reasonable reliance on the unconditional promises of CDL.

WHEREFORE, the plaintiff, Evans Delivery Company, Inc., respectfully demands that judgment be entered in its favor and against the defendant, CDL 1000, Inc., in an amount in excess of $75,000.00 plus other related charges which may accrue, as well as interest, costs, attorneys' fees, expenses, and such other relief as the Court deems just.

## COUNT IV – Account Stated (in the Alternative)

45. Evans incorporates the foregoing above as if set forth fully at length herein.

46. CDL purchased transportation services from Evans and agreed to pay for all such services.

47. Pursuant to the parties' agreement, CDL was required to pay Evans for the services Evans rendered on behalf of CDL and CDL's customers including any freight and/or accessorial charges.

48. Evans performed its obligations pursuant to the parties' agreement and ensured that the shipments were transported from their origin to the required destination according to CDL's request(s).

49. Evans submitted written accounts to CDL accurately showing the debts owed by CDL for its purchases of Evans's services.

50. Although Evans demanded payment for the balance due, CDL failed to make payment.

51. CDL agreed to, assented, or acquiesced in the correctness of the account.

52. CDL has not questioned or objected either specifically or generally to the numerous accounts rendered.

53. Instead, CDL promised to pay the outstanding balance, but has failed to do so in breach of the parties' agreement.

54. As a direct and proximate cause of CDL's breach of its obligation to pay Evans for the services Evans rendered, Evans incurred damages in excess of $75,000.00.

WHEREFORE, the plaintiff, Evans Delivery Company, Inc., respectfully demands that judgment be entered in its favor and against the defendant, CDL 1000, Inc., in an amount in excess of $75,000.00 plus other related charges which may accrue, as well as interest, costs, attorneys' fees, expenses, and such other relief as the Court deems just.

**COHEN & PALOMBO, P.C.**

By: /s/ *Eric C. Palombo*
Eric C. Palombo
The Times Building
32 Parking Plaza, Suite 402
Ardmore, PA 19003
Phone: (215) 609-1110
Fax: (215) 609-1117
epalombo@freightlaw.net

*Attorney for Plaintiff Evans Delivery Company, Inc.*

Date: January 19, 2024