## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EVANS DELIVERY COMPANY, INC. | CASE NO. 1:24-cv-00486 |
| Plaintiff, | |
| v. | |
| CDL 1000, LLC d/b/a CDL 1000, Inc., | |
| Defendant. | |

## ANSWER TO AMENDED COMPLAINT

NOW COMES Defendant, CDL 1000, LLC d/b/a CDL 1000, Inc. ("CDL"), who hereby ANSWERS the Amended Complaint of the Plaintiff, Evans Delivery Company, Inc. ("Evans"), as follows:

## PARTIES

1.     Evans is a corporation incorporated under the laws of the Commonwealth of Pennsylvania with its principal place of business in Schuylkill Haven, Pennsylvania.

**ANSWER:** Defendants have no information to forma belief as to the allegation herein and for that reason DENY the allegations in this paragraph and demand strict proof thereof

2.      CDL is a limited liability company incorporated under the laws of the State of Delaware with its principal place of business in Chicago, Illinois.

**ANSWER**:  Admit

3.      The sole member of CDL is CDL Marketplace Holdings, LLC, which is also a limited liability company incorporated under the laws of the State of Delaware with its principal place of business in Chicago, Illinois.

**ANSWER**:  Denied.

4.      The members of CDL Marketplace Holdings, LLC are Andrew Sobko and Viktor Tkachuk. Andrew Sobko is a resident of either the State of Illinois or the State of California. Viktor Tkachuk is a resident of the State of Illinois.

**ANSWER**:  Admit

## <u>JURISDICTION AND VENUE</u>

5.      Jurisdiction in this matter is based upon 28 U.S.C. 1332(a) as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

**ANSWER**:  Admit

6.     This Court has general jurisdiction over CDL in this matter because CDL is an Illinois limited liability company with its principal place of business in Chicago, Illinois.

**ANSWER:** Defendants have no information to forma belief as to the allegation herein and for that reason DENY the allegations in this paragraph and demand strict proof thereof

7.     Venue properly lies in this judicial district pursuant to 28 U.S.C. 1391(b)(1) because CDL's principal place of business is in Chicago, Illinois.

**ANSWER:** Admit

## PREDICATE FACTS

8.     Evans seeks to collect freight charges and related accessorial charges due to it for the interstate motor carrier transportation services it provided for CDL.

**ANSWER:** Defendants have no information to form a belief as to the allegation herein and for that reason DENY the allegation in this paragraph and demand strict proof thereof

9.     Evans is a federally licensed interstate motor carrier.

**ANSWER:** Defendants have no information to form a belief as to the allegation herein and for that reason DENY the allegations in this paragraph and demand strict proof thereof

10.     CDL is a third-party logistics provider.

**ANSWER:** Admit.

11.     Beginning on or about April of 2022, CDL engaged Evans to provide transportation services to and from various locations throughout the United States.

**ANSWER:** Admit.

12.     In exchange for Evans providing transportation services including securing necessary equipment and incurring related costs, CDL agreed to pay Evans for the services Evans rendered and the costs Evans incurred.

**ANSWER:** Admit.

13.     In furtherance of the parties' relationship, on April 11, 2022, CDL and Evans entered into a Contract for Motor Carrier Services wherein CDL would engage Evans to provide transportation services and CDL would pay Evans for those services.

**ANSWER:** Defendants have no information to form a belief as to the allegation herein since a copy of the contract is not attached to the complaint, and for that reason DENIES the allegation in this paragraph and demand strict proof thereof

14.     Upon CDL's request, Evans would travel to the facility where the shipment was located, pick up the shipment and transport it to its destination.

**ANSWER:** CDL admits that on some occasions these allegations were true for some aspects of the services allegedly rendered by Evans

4

15.     After completing delivery, Evans would invoice CDL for the services it rendered and the costs it incurred.

**ANSWER:** CDL admits that on some occasions it would receive invoices from Evans for services allegedly performed for CDL.

16.     On multiple occasions throughout the relevant time period, CDL failed to make payment despite representing that it intended to pay Evans for the services it rendered and the costs it incurred in rendering those services.

**ANSWER:** Defendants have no information to form a belief as to the allegations herein since the phrase "multiple occasions" is vague and undefined, and for that reason DENY the allegation in this paragraph and demand strict proof thereof

17.     Despite its demand for payment, Evans has not been paid for the services it rendered to CDL or the costs it incurred in rendering those services.

**ANSWER:** CDL admits that not all payments claimed to be due by Evans have been paid by CDL

## **COUNT I – Failure to Pay Motor Carrier Freight and Accessorial Charges**

18.     Evans incorporates the foregoing above as if set forth fully at length herein.

**ANSWER:** CDL incorporates its answers to the forgoing allegations as if fully set forth herein

19.     CDL engaged Evans to provide transportation services on behalf of itself and its customers to and from various locations throughout the United States.

**ANSWER:** Admit

20.     Under the governing terms of transportation and as agreed to by and between the parties, CDL was obligated to pay the freight charges owed for the services Evans rendered and would accrue late fees for failing to pay the charges in a timely fashion.

21. **ANSWER:**     CDL have no information to form a belief as to the allegations herein since the phrase "governing terms of transportation as agreed to by and between the parties" is vague and undefined, and a copy of those "governing terms" are not attached to the complaint as an exhibit, and is not an allegation of fact but a conclusion of law to which no answer is require and for that reason DENIES the allegation in this paragraph and demand strict proof thereof

22.     The freight and accessorial charges CDL owes to Evans for the transportation services Evans rendered exceed $75,000.00.

**ANSWER:** CDL admits that not all payments claimed to be due by Evans have been paid by CDL but has no information to form a belief as to the allegations herein since the phrase "freight and accessorial charges" is vague and undefined, and for that reason DENIES the allegation in this paragraph and demand strict proof thereof

23.     Evans performed its obligations under the governing terms of transportation for the services it rendered on behalf of CDL.

**ANSWER:** Denied

24.     Evans has not received payment for the freight and accessorial charges it is owed for the services it rendered to CDL.

6

**ANSWER:** CDL admits that not all payments claimed to be due by Evans have been paid by CDL

25.     Despite Evan's demands, CDL has failed to pay the freight and accessorial charges due to Evans for the services Evans rendered.

**ANSWER:** CDL admits that not all payments claimed to be due by Evans have been paid by CDL

**WHEREFORE**, the Defendant, CDL 1000, LLC d/b/a CDL 1000, Inc., hereby respectfully requests that this Honorable Court DENY all reef sought by Plaintiff in this Count I, enter judgment in favor of the Defendant, award your defendant all costs and fees, including reasonable attorney's fees due to it in defending this Count I, and provide such other relief as the Court deems just.

## <u>COUNT II – Breach of Contract (in the Alternative)</u>

26.     Evans incorporates the foregoing above as if set forth fully at length herein.

**ANSWER:** CDL incorporates its answers to the forgoing allegations as if fully set forth herein

27.     Evans agreed to provide the transportation services to CDL based on CDL's agreement to pay for those services including related accessorial charges.

**ANSWER:** Defendants have no information to form a belief as to the allegations herein since a copy of the "agreement" is not attached to the complaint, and the terms "services and accessorial charges" is vague

and undefined, and for that reason DENIES the allegations in this paragraph and demand strict proof thereof

28.     Pursuant to the parties' agreement, CDL was required to pay Evans for the services Evans rendered on behalf of CDL and CDL's customers including any freight and/or accessorial charges.

**ANSWER:** Defendants have no information to form a belief as to the allegations herein since copy of the agreement is not attached to the complaint, and the terms "services, freight and/or accessorial charges" is vague and undefined, and for that reason DENIES the allegations in this paragraph and demand strict proof thereof

29.     Evans performed its obligations pursuant to the parties' agreement and ensured that the shipments were transported from their origin to the required destination according to CDL's request(s).

**ANSWER:** Denied.

30.     Evans invoiced the freight and accessorial charges for the services Evans rendered to CDL at the agreed-upon rates.

**ANSWER:** CDL admits that on some occasions it would receive invoices from Evans for services allegedly performed for CDL but has no basis to admit or deny the balance of this paragraph since the terms "freight and accessorial charges" is vague and undefined, and for that reason DENIES the allegations in this paragraph and demands strict proof thereof

31.     In breach of the parties' agreement, CDL failed to pay Evans for the outstanding freight and accessorial charges, and as a result, CDL's obligation to pay Evans has not been met.

**ANSWER:** CDL admits that not all payments claimed to be due by Evans have been paid by CDL but has no information to form a belief as to the remaining allegations herein since the phrase "freight and accessorial charges" is vague and undefined, and the phrase "CDL's obligation to pay" is not an allegation of fact but a conclusion of law to which no answer is requires and for that reason DENIES the allegation in this paragraph and demand strict proof thereof

32.     As a direct and proximate cause of CDL's breach of its obligation to pay Evans for the services Evans rendered, Evans incurred damages in excess of $75,000.00.

**ANSWER:** CDL admits that not all payments claimed to be due by Evans have been paid by CDL and the balance due exceeds $75,000.00.

33.     The outstanding principal balance of the freight and accessorial charges owed to Evans exceeds $75,000.00.

**ANSWER:** CDL admits that not all payments claimed to be due by Evans have been paid by CDL and that the balance due exceeds $75,000.00 but has no basis to admit or deny the allegations in this paragraph since the phrase "freight and accessorial charges" is vague and undefined and for that reason DENIES the allegations in this paragraph and demands strict proof thereof.

**WHEREFORE**, the Defendant, CDL 1000, LLC d/b/a CDL 1000, Inc., hereby respectfully requests that this Honorable Court DENY all reef sought by

Plaintiff in this Count II, enter judgment in favor of the Defendant, award your defendant all costs and fees, including reasonable attorney's fees due to it in defending this Count II, and provide such other relief as the Court deems just.

## COUNT III – Unjust Enrichment (in the Alternative)

34.    Evans incorporates the foregoing above as if set forth fully at length herein.

**ANSWER:** CDL incorporates its answers to the forgoing allegations as if fully set forth herein

35.    Evans conferred the benefit of its motor carrier transportation and services to CDL.

**ANSWER:** Admit.

36.    CDL received Evans's services for the transportation of the shipments CDL requested Evans transport and realized the use and enjoyment of the services as part of its ongoing business and relationship with its customers.

**ANSWER:** Admit

37.    Evans reasonably expected to be paid for the services it provided to CDL for the services it rendered.

**ANSWER:** CDL have no information to form a belief as to what Evan's "reasonable expectations were and for that reason DENIES the allegations in this paragraph and demand strict proof thereof

38.     CDL knew or reasonably should have known that Evans expected to be paid for the services it provided CDL.

**ANSWER:** Denied

39.     The transportation services rendered by Evans have a reasonable value in excess of $75,000.00.

**ANSWER:** CDL admits that not all payments claimed to be due by Evans have been paid by CDL and the balance due exceeds $75,000.00 but has no basis to admit or deny the allegations in this paragraph since the phrase "reasonable value" is vague and undefined and for that reason DENIES the allegations in this paragraph and demands strict proof thereof.

40.     CDL has failed to pay Evans for the reasonable value of the services Evans rendered.

**ANSWER:** CDL admits that not all payments claimed to be due by Evans have been paid by CDL but has no basis to admit or deny the allegations in this paragraph since the phrase "reasonable value" is vague and undefined and for that reason DENIES the allegations in this paragraph and demands strict proof thereof.

41.     As a result, CDL has unjustly received the benefit of the services Evans provided without paying Evans for those benefits.

**ANSWER:** CDL have no information to form a belief as to the allegations herein since the phrase "unjustly enriched" is vague and undefined, and is not an allegation of fact but a conclusion of law to which no answer is require and for that reason DENIES the allegations in this paragraph and demand strict proof thereof

42.    Allowing CDL to retain the benefit of the service Evans provided without paying Evans would be unjust.

**ANSWER:** Denied

**WHEREFORE**, the Defendant, CDL 1000, LLC d/b/a CDL 1000, Inc., hereby respectfully requests that this Honorable Court DENY all reef sought by Plaintiff in this Count III, enter judgment in favor of the Defendant, award your defendant all costs and fees, including reasonable attorney's fees due to it in defending this Count III, and provide such other relief as the Court deems just.

## COUNT IV – Promissory Estoppel (in the Alternative)

43.    Evans incorporates the foregoing above as if set forth fully at length herein.

**ANSWER:** CDL incorporates its answers to the forgoing allegations as if fully set forth herein

44.    Evans provided CDL with motor carrier transportation and services.

**ANSWER:** Admit.

45.    Evans reasonably relied upon the unconditional promises of CDL to Evans' eventual detriment and Evans' reliance was expected by, and foreseeable to CDL.

**ANSWER:** CDL has no information to form a belief as to what Evans "reasonably relied upon" and denies CDL made an "unconditional promise to pay"

at any time, and for that reason DENIES the allegations in this paragraph and demands strict proof thereof

46.     CDL failed to tender the promised compensation due and owing to Evans for the transportation services Evans provided.

**ANSWER:** CDL admits that not all payments claimed to be due by Evans have been paid by CDL but has no basis to admit or deny the allegations in this paragraph since the phrase "tender the promised compensation due" is vague and the phrase "promised compensation" is not an allegation of fact but a conclusion of law to which no answer is required, and for that reason DENIES the allegations in this paragraph and demands strict proof thereof.

47.     Evans has suffered damages in excess of $75,000.00 due to its reasonable reliance on the unconditional promises of CDL.

**ANSWER:** Denied

**WHEREFORE**, the Defendant, CDL 1000, LLC d/b/a CDL 1000, Inc., hereby respectfully requests that this Honorable Court DENY all reef sought by Plaintiff in this Count IV, enter judgment in favor of the Defendant, award your defendant all costs and fees, including reasonable attorney's fees due to it in defending this Count IV, and provide such other relief as the Court deems just.

## COUNT IV – Account Stated (in the Alternative)

48.     Evans incorporates the foregoing above as if set forth fully at length herein.

**ANSWER:** CDL incorporates its answers to the forgoing allegations as if fully set forth herein

49.     CDL purchased transportation services from Evans and agreed to pay for all such services.

**ANSWER:** CDL admits that it purchased certain undefined transportation services from Evans, and DENIES all other allegation in this paragraph demands strict proof thereof.

50.     Pursuant to the parties' agreement, CDL was required to pay Evans for the services Evans rendered on behalf of CDL and CDL's customers including any freight and/or accessorial charges.

**ANSWER:** Defendants have no information to form a belief as to the allegations herein since a copy of the parties' "agreement" is not attached to the complaint and is not explained in the is paragraph, and the terms "services and accessorial charges" is vague and undefined, and for that reason DENIES the allegations in this paragraph and demands strict proof thereof.

51.     Evans performed its obligations pursuant to the parties' agreement and ensured that the shipments were transported from their origin to the required destination according to CDL's request(s).

**ANSWER:** Denied

52.     Evans submitted written accounts to CDL accurately showing the debts owed by CDL for its purchases of Evans's services.

**ANSWER:** Defendants have no information to form a belief as to the allegations herein since a copy of the "written accounts" is not attached to the

complaint, and the terms "written accounts' and "debts" is vague and undefined, and not an allegation of act but conclusions of law to which no answer is required, and for that reason DENIES the allegations in this paragraph and demand strict proof thereof.

53.     Although Evans demanded payment for the balance due, CDL failed to make payment.

**ANSWER:** CDL admits that not all payments claimed to be due by Evans have been paid by CDL but has no basis to admit or deny the allegations in this paragraph since the phrase "Tender the promised compensation due" is vague and undefined and for that reason DENIES the allegations in this paragraph and demands strict proof thereof.

54.     CDL agreed to, assented, or acquiesced in the correctness of the account.

**ANSWER:** Denied

55.     CDL has not questioned or objected either specifically or generally to the numerous accounts rendered.

**ANSWER:** Denied.

56.     Instead, CDL promised to pay the outstanding balance, but has failed to do so in breach of the parties' agreement.

**ANSWER:** Denied.

57.     As a direct and proximate cause of CDL's breach of its obligation to pay Evans for the services Evans rendered, Evans incurred damages in excess of $75,000.00.

**ANSWER:** Denied.

**WHEREFORE**, the Defendant, CDL 1000, LLC d/b/a CDL 1000, Inc., hereby respectfully requests that this Honorable Court DENY all reef sought by Plaintiff in this Count IV, enter judgment in favor of the Defendant, award your defendant all costs and fees, including reasonable attorney's fees due to it in defending this Count IV, and provide such other relief as the Court deems just.

## AFFIRMATIVE DEFENSE

Defendants, CDL 1000, Inc. and CDL 1000, LLC hereby submit their AFFIRMATIVE DEFENSE in support of their ANSWER to the Complaint of the Plaintiff as follows:

### I.          Mitigation of Damages-Counts I and II

1.     Defendants deny and continue to deny any and all claims made by Plaintiff.

2.     The defense of mitigation of damages is being raised to prevent waiver of the same.

3.     At all times relevant, Plaintiff has a duty to mitigate damages claimed.

4.      A failure to mitigate damages bars the plaintiff's claim for damages, or in the alternative any claim for damages must be offset by plaintiff's failure to mitigate.

5.      To the extent that discovery reveals that Plaintiff failed to exercise ordinary care in mitigating its damages as claimed in its Complaint as follows:

a.      Failed to take preventative steps to avoid loss and increase its damages as alleged in its Complaint and/or

b.      Failed to take any remedial measures to remedy any damages claim and to prevent further damage.

**WHEREFORE**, DEFENDANTS CDL 1000, Inc. and CDL 1000, LLC respectfully request that judgment be entered in their favor and against the Plaintiff in its Complaint, denying all relief sought in the Complaint and awarding Defendants of their costs, including reasonable attorney's fees as permitted under contract or by law, and provide such further and other relief reasonable under the circumstance.

## II.            Unjust Enrichment—Failure to State a Claim

1.      Defendants deny and continue to deny any and all claims made by Plaintiff.

2.      The defense of failure to state a claim is being raised to prevent waiver of the same.

3.     At all times relevant, Plaintiff claims in its Complaint that there is and was a written contract with CDL that was breached.

4.     The claim of unjust enrichment is a non-contract or quasi contract claim that assumes no written or oral agreement with the defendant.

5.     Since Plaintiff alleges a written agreement with CDL, Plaintiff cannot state a claim for unjust enrichment as a matter of law

**WHEREFORE**, DEFENDANTS CDL 1000, Inc. and CDL 1000, LLC respectfully request that judgment be entered in their favor and against the Plaintiff in Count III of its Complaint, denying all relief sought in the Complaint and awarding Defendants of their costs, including reasonable attorney's fees as permitted under contract or by law, and provide such further and other relief reasonable under the circumstance.

### III.          Promissory Estoppel—Failure to State a Claim

1.     Defendants deny and continue to deny any and all claims made by Plaintiff.

2.     The defense of failure to state a claim is being raised to prevent waiver of the same.

3.     Count IV of the complaint alleges no specific acts wherein the CDL or any of its agents or representatives made a specific promise to pay any alleged debts.

5.      Accordingly, Count IV fails to state a claim for unjust enrichment as a matter of law

**WHEREFORE**, DEFENDANTS CDL 1000, Inc. and CDL 1000, LLC respectfully request that judgment be entered in their favor and against the Plaintiff in its Complaint, denying all relief sought in the Complaint and awarding Defendants of their costs, including reasonable attorney's fees as permitted under contract or by law, and provide such further and other relief reasonable under the circumstance.

## IV.        Account Stated-Count V

1.      Defendants deny and continue to deny any and all claims made by Plaintiff.

2.      The defense of failure to state a claim is being raised to prevent waiver of the same.

3.      The defense of no superseding debt is being raised to prevent waiver of the same.

4.      At all times relevant, Plaintiff's claim is based upon a new debt not a prior superseding debt, and therefore states no claim for relief as an account stated.

**WHEREFORE**, DEFENDANTS CDL 1000, Inc. and CDL 1000, LLC respectfully request that judgment be entered in their favor and against the Plaintiff in the Plaintiff's claim for an account stated its Complaint, denying all relief

sought in its claim for an account stated and awarding Defendants of their costs,

including reasonable attorney's fees as permitted under contract or by law, and

provide such further and other relief reasonable under the circumstance.

Respectfully submitted,
**CDL 1000, LLC and CDL 1000, Inc.,
Defendants**

/s/      Herman J. Marino

HERMAN J. MARINO, LTD., P.C.
Herman J. Marino, Attorney No. 71116
53 W Jackson Blvd., Ste. 1337
Chicago, Illinois 60604
(312) 347-9990
hjmarino@marinolaw.net
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned attorney further states that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Fling System General Order issued by the United States District Court for the Northern District of Illinois Eastern Division, I caused a copy of this NOTICE and the attached ANSWER served upon all persons who have filed an appearance through the Court's electronic notice for Registrants as follows on April 30, 2024:

Timothy Renfroe
trenfro@smbtrials.com

Eric C. Palombo
Eric.Palombo@flastergreenberg.com

By: /s/ Herman J. Marino_____
Herman J. Marino Ltd., P.C.

Herman J. Marino Ltd., P.C.
Attorney for CDL 1000, INC., AND CDL 1000, LLC
205 North Michigan Avenue, Suite 810
Chicago, Illinois 60601
(312) 347-9990
Attorney No 71116
hjmarino@marinolaw.net